UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**WALTER ALTARE,**
and all others similarly situated
under 29 U.S.C 206(B),

  Plaintiff,

v.

**VERTICAL REALITY MFG, INC.**,
a Florida Limited Liability Company,
**KENNETH A. SHARKEY**, individually

  Defendants.
_____/

**COMPLAINT**
(COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B))

Plaintiff, Walter Altare ("Altare"), on behalf of himself, and others similarly situated, under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, Vertical Reality MFG, INC. ("Vertical") and Kenneth A. Sharkey ("Sharkey"), and alleges, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action by Plaintiff and other similarly situated employees for damages in excess of $15,000 excluding attorneys' fees and costs, pursuant to the FLSA to recover unpaid overtime and/or minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs. This Court has jurisdiction of this action pursuant to 29 U.S.C. § 216(b).

2. At all material times, Plaintiff is *sui juris* and was and continues to be a resident of Miami-Dade County, Florida.

3. Plaintiff is a covered employee within the meaning of the FLSA.

4. Vertical is, and was, a Florida corporation, authorized to conduct and conducting business in Miami County, Florida.

5. Based on information and belief, at all material times, Sharkey is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, Vertical.

6. Venue is proper in Miami County, Florida, as a substantial part of the events or omissions giving rise to the claims occurred and payment was due in this judicial district.

## GENERAL ALLEGATIONS

7. Upon information and belief, the annual gross revenue of Vertical was at all times material hereto in excess of $500,000.00 per annum.

8. At all material times hereto, Vertical was and continues to be an enterprise engaged in interstate commerce.

9. At all material times hereto, Vertical operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the services provided by Vertical, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, Vertical is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12. Plaintiff and those similarly situated employees regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13. Upon information and belief, Sharkey is an officer/director of Vertical and has economic and day-to-day control of Vertical, and of the nature and structure of Plaintiff's employment relationship with Vertical, and is therefore an employer as defined by 29 U.S.C., Section 203 (d).

14. Upon information and belief, Employer employed Plaintiff from approximately January, 2004 through the fall of 2018 ("the relevant time period").

15. Plaintiff was a non-exempt employee earning an average of $19.00 per hour.

16. Throughout his employment with Vertical, Plaintiff routinely worked for Vertical approximately seventy (70) hours per week comprised of forty (40) hours of regular time and an average thirty (30) hours of overtime per week.

17. Defendants, Vertical and Sharkey knew or should have known of all hours worked by Plaintiff in excess of forty (40) in a given week.

18. Plaintiff's overtime rate was $28.50 for all hours worked by him in excess of forty (40) per week.

19. Notwithstanding, Vertical and Sharkey willfully and intentionally failed/refused to pay to Plaintiff the federally required minimum and overtime rates for all hours he worked.

20. Vertical and Sharkey knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

21. As a result, Plaintiff has suffered damages and is entitled to receive overtime and minimum wage compensation.

22. Plaintiff believes there are other similarly situated employees who also worked for Defendants and were not properly paid for overtime hours worked by them.

23. Plaintiff has complied with all conditions precedent to filing this action.

24. Plaintiff retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

25. On December 27, 2018, Plaintiff through his undersigned counsel, sent to Vertical a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Employer pay the amounts owed to Plaintiff, but Vertical failed/refused to do so ("Demand").

## COUNT I
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
## (VERTICAL)

26. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

27. This is an action against Vertical for unpaid overtime compensation pursuant to 29 U.S.C. § 216(B).

28. Upon information and belief, Vertical has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work

performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

29. Plaintiff routinely worked in excess of forty (40) hours per week for Vertical.

30. Specifically, Plaintiff routinely worked for Vertical approximately seventy hours per week comprised of forty (40) hours of regular time and an average thirty (30) hours of overtime per week.

31. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

32. Vertical knew or should have known that Plaintiff suffered or was permitted to work overtime for Vertical as defined in 29 U.S.C. § 203(g).

33. Vertical failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

34. At all material times, Vertical knew or should have known that such refusal and/or failure is prohibited by the FLSA.

35. Notwithstanding, Vertical intentionally and willfully violated the FLSA.

36. At all material times, Vertical failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

37. Further, Vertical failed/refused to post, as required by the FLSA and federal law to inform its employees of their federal rights to overtime and/or minimum wages.

38. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
## (SHARKEY)

39. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

40. This is a collective action against Sharkey for overtime compensation pursuant to 29 U.S.C. § 216(B).

41. Upon information and belief, Sharkey has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

42. Plaintiff routinely worked in excess of forty (40) hours per week for Sharkey.

43. Specifically, Plaintiff routinely worked for Sharkey approximately seventy (70) hours per week comprised of forty (40) hours of regular time and an average thirty (30) hours of overtime per week.

44. Sharkey, had day-to-day and operational control of Plaintiff and his compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

45. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

46. Sharkey knew or should have known that Plaintiff suffered or was permitted to work overtime for Sharkey as defined in 29 U.S.C. § 203 (g).

47. Sharkey failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

48. At all material times, Sharkey knew or should have known that such refusal and/or failure is prohibited by the FLSA.

49. Notwithstanding, Sharkey intentionally and willfully violated the FLSA.

50. At all material times, Sharkey failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

51. Further, Sharkey failed/refused to post, as required by the FLSA and federal law to inform its employees of their federal rights to overtime and/or minimum wages.

52. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT III
### MINIMUM WAGE (PROMPT PAYMENT) VIOLATIONS
### (VERTICAL)

53. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

55. The FLSA requires that Vertical pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a). The FLSA requires that Vertical, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993).

56. Vertical knew of and showed reckless disregard for the provisions of the FLSA because Vertical knew or should have known that Plaintiff's wages did not amount to a lawful minimum wage considering his 70 hours worked each week.

57. Vertical willfully and intentionally failed to pay Plaintiff and those similarly-

situated employees their full minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage.

58. Vertical did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

59. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT IV
## MINIMUM WAGE (PROMPT PAYMENT) VIOLATIONS
## (SHARKEY)

60. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

61. The FLSA requires employer to pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a).

62. The FLSA requires employer to have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993).

63. Sharkey knew of and showed reckless disregard for the provisions of the FLSA because Sharkey knew or should have known that Plaintiff's wages did not amount to a lawful minimum wage considering his 70 hours worked each week.

64. Sharkey willfully and intentionally failed to pay Plaintiff and those similarly-situated employees their full minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

65. Sharkey did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

66. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT V
## VIOLATION OF FLSA MISCLASSIFICATION OF EMPLOYEE
## (VERTICAL)

67. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

68. Although Plaintiffs and other similarly situated employees were designated as independent contractors by Defendants, they were actually employees.

69. Pursuant to FLSA, employers must appropriately classify and compensate all employees.

70. Plaintiff, and all others similarly situated, were dependent on Defendants' business, and were permanent employees who served Defendants' business.

71. Plaintiff, and all others similarly situated, are unequivocally entitled to all legal benefits and protections provided to employees under federal law and the FLSA, including but not limited to, minimum wages, overtime at the rate of 1 and ½ his/her regular rate, etc., that he and others, did not receive due to the Defendant's willful misclassification.

## COUNT VI
## VIOLATION OF FLSA MISCLASSIFICATION OF EMPLOYEE
## (SHARKEY)

72. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

73. Although Plaintiffs and other similarly situated employees were designated as independent contractors by Defendants, in fact they were employees.

74. Pursuant to FLSA, employers must appropriately classify and compensate all employees.

75. Plaintiff, and all others similarly situated, were dependent on Defendants' business, and were permanent employees who served Defendants' business.

76. Plaintiff, and all others similarly situated, are unequivocally entitled to all legal benefits and protections provided to employees under federal law and the FLSA, including but not limited to, minimum wages, overtime at the rate of 1 and ½ his/her regular rate, etc., that he and others, did not receive due to Defendant's willful misclassification.

## COUNT VII
## MISCLASSIFICATION OF EMPLOYEE PURSUANT TO FLORIDA LAW
## (VERTICAL)

77. Plaintiff re-alleges paragraphs one (1) through twenty-five (25) above.

78. Although Plaintiffs and other similarly situated employees were designated as independent contractors by Defendants, in fact they were employees.

79. Pursuant to Florida law, employers must appropriately classify and compensate all employees.

80. Plaintiff, and all others similarly situated, were dependent on Defendants' business, and were permanent employees who served Defendants' business.

81. Plaintiff, and all others similarly situated, are unequivocally entitled to all legal benefits and protections provided to employees under Florida law, including but not limited to, minimum wages, workers' compensation benefits, re-employment assistance, etc., that he and others similarly situated, did not receive due to Defendant's willful misclassification.

## COUNT VIII
## MISCLASSIFICATION OF EMPLOYEE PURSUANT TO FLORIDA LAW
## (SHARKEY)

82. Plaintiff re-alleges paragraphs one (1) through twenty-five (25) above.

83. Although Plaintiffs and other similarly situated employees were designated as independent contractors by Defendants, in fact they were employees.

84. Pursuant to Florida law, employers must appropriately classify and compensate all employees.

85. Plaintiff, and all others similarly situated, were dependent on Defendants' business, and were permanent employees who served Defendants' business.

86. Plaintiff, and all others similarly situated, are unequivocally entitled to all legal benefits and protections provided to employees under Florida law, including but not limited to, minimum wages, workers' compensation benefits, re-employment assistance, etc., that he and others similarly situated, did not receive due to Defendant's willful misclassification.

## COUNT IX
## UNJUST ENRICHMENT

89. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

90. By misclassifying Plaintiff and other similarly situated, as independent contractors when they are in fact employees, Defendants were unjustly enriched or were conferred a benefit because they unlawfully shifted their business costs and expenses to the Plaintiff and class members, including without limitations employer payroll taxes, and administrative fees, to the detriment of Plaintiff and class members.

91. Defendants were aware that they received a benefit as a result of the misclassification, and it would be unjust to let Defendants keep the benefit of their savings in business costs and expenses.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

92. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Walter Altare, respectfully requests that judgment be entered in his favor against Defendants, Vertical Reality MFG, INC and Kenneth A. Sharkey, as follows:

(a) Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the minimum and overtime wages provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the minimum and overtime wages provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, minimum wages, and overtime wages compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required minimum and overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 18th day of April, 2019.

          By: /s/ Henry Hernandez
          Florida Bar No. 542601
          Law Office of Henry Hernandez, P.A.
          Attorney for Plaintiff
          2655 S Le Jeune Road, Suite 802
          Coral Gables, Florida 33134
          Telephone: (305) 771-3374
          E-mail: henry@hhlawflorida.com
          Secondary: legal@hhlawflorida.com

          By: /s/ Monica Espino
          Florida Bar No. 834491
          ESPINO LAW
          Co-counsel for Plaintiff
          2655 S Le Jeune Road, Suite 802
          Miami, Florida 33134
          Telephone: (305) 704-3172
          Facsimile: (305) 722-7378
          E-mail: me@espino-law.com
          Secondary: legal@espino-law.com