UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-21496-GAYLES/OTAZO-REYES

**WALTER ALTARE,**
**and all others similarly situated**
**under 29 U.S.C. 206(b),**

    **Plaintiff,**

v.

**VERTICAL REALITY MFG, INC.,**
**a Florida Limited Liability Company,**
**KENNETH A. SHARKEY, individually,**

    **Defendants.**
_____/

## **ORDER**

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (the "Motion"). [ECF No. 10]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

### **FACTUAL BACKGROUND**

This is an action for minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff Walter Altare sued Defendants Vertical Reality MFG, Inc., ("Vertical") and Kenneth A. Sharkey ("Sharkey") alleging that they did not adequately compensate him for the hours he worked.

Plaintiff was employed by Vertical between January 2004 and the fall of 2018. [ECF No. 1, ¶ 14]. Sharkey was a corporate officer of Vertical. [*Id.* ¶ 5]. Plaintiff earned an average of $19.00 per hour. [*Id.* ¶ 15]. He "routinely worked . . . approximately seventy (70) hours per week

comprised of forty (40) hours of regular time and an average thirty (30) hours of overtime per week." [*Id.* ¶ 16]. His overtime rate was $28.50 per hour. [*Id.* ¶ 18]. Plaintiff claims that Defendants were aware of the hours he worked and failed to pay him the federally required minimum and overtime rates for these hours. [*Id.* ¶ 19.] Plaintiff also claims that similarly situated employees were likewise not fairly compensated for their work. [*Id.* ¶ 22.]

Defendants moved to dismiss Plaintiff's Complaint, and the Motion is now ripe for the Court's review.

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is considered facially plausible when the court is able to draw a reasonable inference that the defendant is liable based on the factual content pleaded by the plaintiff. *Id.* The "plausibility standard" requires that there be "more than sheer possibility that a defendant acted unlawfully." *Id.* A determination of a claim's plausibility "is a context-specific task that requires the reviewing court to draw on its judicial experiences and common sense." *Id.* at 679. It is not enough for a complaint to recite the statutory elements of a cause of action. *Id.* at 678. Allegations within a complaint must be more than conclusory and must have a factual basis. *Id.* at 679.

When reviewing a motion to dismiss, courts accept the allegations as presented in the complaint as true and view those facts "in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In addition, the Court "may always consider exhibits attached to the complaint on a 12(b)(6) motion, because exhibits are part of the pleadings." *Basson*

*v. Mortgage Electronic Registration Systems, Inc.*, 741 F. App'x 770, 771 (11th Cir. 2018). The issue before the Court is "'not whether [Plaintiff] will ultimately prevail' . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## DISCUSSION

### I.     Counts I and II – Recordkeeping and Notice Violations

Defendants seek to dismiss Counts I and II to the extent Plaintiff attempts to state a claim for failure to keep adequate records or inform employees of their federal rights to overtime and/or minimum wages. Plaintiff did not respond to this argument and, consequently, the Court deems any response waived. *See Five for Entm't S.A. v. Rodriguez*, No. 11-cv-24142, 2013 WL 4433420, at *14 (S.D. Fla. Aug. 15, 2013) ("A failure to address issues in response to a motion is grounds for finding that the claims have been abandoned.").

Defendants did not seek dismissal of Counts I and II's allegations of overtime payment violations, however, and consequently those claims remain.

### II.    Counts III and IV – Minimum Wage Violations

Defendants argue that Counts III and IV should be dismissed for failure to state a claim for unpaid minimum wages because Plaintiff was paid an average of $19.00, a salary above minimum wage. *See* 29 U.S.C. § 206(a). Plaintiff responds that failure to promptly pay wages is, itself, a violation of the FLSA. *See Del Rosario v. Labor Ready Se., Inc.*, 124 F. Supp. 3d 1300, 1313 (S.D. Fla. 2015) (noting that "[i]n two unpublished opinions, the Eleventh Circuit has apparently taken the position that wages become 'unpaid' when they are paid 'unreasonably late during the relevant period'") (citing *Arroyave v. Rossi*, 296 F. App'x 835, 836 (11th Cir. 2008) *and Benavides v. Miami Atlanta Airfreight, Inc.*, 322 F. App'x 746, 747 (11th Cir. 2009)).

3

Plaintiff's Response does not align with the allegations in his Complaint, which instead claim that Vertical (Count III) and Sharkey (Count IV) "intentionally and willfully failed to pay" "their full minimum wages." [ECF No. 1, ¶¶ 57, 64]. As such, Plaintiff's Complaint does not assert a claim for failure to promptly pay wages: it asserts a claim for unpaid minimum wages. And Defendant is correct that Plaintiff has not, and cannot, assert a minimum wage violation where Plaintiff was paid above the minimum wage. *See* 29 U.S.C. § 206(a) (setting minimum wage); *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 765 (11th Cir. 2008) (citing 29 U.S.C. §§ 206–07). Accordingly, because the Complaint does not state a claim for a minimum wage violation—nor a failure to promptly pay—the Court agrees that dismissal is warranted but shall allow Plaintiff the opportunity to replead.

### III.     Counts V through VIII – Classification of Employees

Defendants move to dismiss Counts V through VIII because there is no cause of action under the FLSA or Florida law for misclassification of an employee. Plaintiff disputes this interpretation of the law.

The Court agrees that Plaintiff cannot bring a cause of action under the FLSA for misclassification. As relevant here, the FLSA allows two types of claims: claims for unpaid overtime and minimum wage violations. 29 U.S.C. §§ 206, 207, 216(b); *see also Aguila v. Corp. Caterers II, Inc.*, 199 F. Supp. 3d 1358, 1359 (S.D. Fla. 2016), *aff'd sub nom. Aguila v. Corp. Caterers IV, Inc.*, 683 F. App'x 746 (11th Cir. 2017). "The substantive sections of the FLSA, narrowly focusing on minimum wage rates and maximum working hours, bear out its limited purpose." *Id.* (quoting *Lyon v. Whisman*, 45 F.3d 758, 764 (3d Cir. 1995)). The FLSA's plain text does not provide a cause of action for misclassification and the Court is not empowered to create one. *See Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) ("Raising up causes of action where

a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.") (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 365 (1991) (Scalia, J., concurring in part and concurring in judgment)). Accordingly, because claims for misclassification do not exist under the FLSA, the Court shall not read one into the statute.

Plaintiff's claim for misclassification pursuant to Florida Law (Counts VII and VIII) must also fail, as Plaintiff cites no Florida law in his Complaint that applies to his claim. Plaintiff may, however, replead these claims with citation to pertinent authority, should such authority exist.

### IV.  Unjust Enrichment – Count IX

Plaintiff's final claim is for unjust enrichment, and Defendant moves to dismiss that Count because the FLSA preempts claims for unjust enrichment where the legal remedy and underlying facts are one and the same. Plaintiff argues that his unjust enrichment claim is pled solely as an alternative to his FLSA claim.

"Where a plaintiff's state law claims are merely the FLSA claims recast in state law terms, those state law claims are preempted by the FLSA." *Garcia v. Nachon Enters., Inc.*, 223 F. Supp. 3d 1257, 1268 (S.D. Fla. 2016); *Bule v. Garda CL Southeast, Inc.*, No. 14-21898, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (unjust enrichment claim preempted where plaintiffs "[pled] under a theory of unjust enrichment to avoid the statutory framework of the FLSA" and asserted claims "dependent on a finding of the same violations of the FLSA"). But it's not clear whether a claim for unjust enrichment survives a preemption challenge where it's pled solely as an *alternative* to the FLSA. *See e.g.*, *Botting v. Goldstein*, No. 15-CV-62113, 2015 WL 10324134, at *3–4 (S.D. Fla. Dec. 21, 2015). The Southern District of Florida splits on this issue. Some decisions hold that alternative unjust enrichment claims survive only "when there is no adequate

5

remedy at law," and others hold that they survive unless "the plaintiff has a *contractual* legal remedy." *Id.* (emphasis in original) (citing cases).

Here, Plaintiff's allegations belie an immediate finding that his unjust enrichment claim is preempted. Plaintiff claims that Defendants were unjustly enriched "because they unlawfully shifted their business costs and expenses . . . including without limitations employer payroll taxes, and administrative fees" by misclassifying him as an independent contractor. [ECF No. 1, ¶ 90]. These allegations do not, by their terms, implicate a contractual legal remedy or limit Plaintiff's potential recovery to what he would receive from his FLSA claims. *Id.* Nor do they necessarily implicate the factual allegations underlying Plaintiff's FLSA claim for overtime and minimum wage violations—namely, that Plaintiff was not wholly compensated for those hours worked. *See Bule*, at *2 (holding that unjust enrichment claim was preempted because a ruling in the plaintiff's favor on the unjust enrichment claim was "dependent on a finding of the same violations of the FLSA").

Accordingly, at this juncture in the case, "the Court need not attempt to reconcile [the Southern District's conflicting] views" and shall permit the unjust enrichment claim to proceed because "the Federal Rules permit a party to plead alternative theories for recovery." *Botting*, 2015 WL 10324134, at *4 (quoting *Muzuco v. Re$ubmitIt, LLC,* No. 11-62628, 2012 WL 3242013, at *8 (S.D. Fla. Aug. 7, 2012) and citing Fed. R. Civ. P. 8(a)(3) & (d)(3)).

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint [ECF No. 10] is **GRANTED IN PART AND DENIED IN PART**. Defendants' Motion is granted in part as to Counts I and II, and granted in its entirety as to Counts III, IV, V, VI, VII, and VIII. Plaintiff may file an Amended Complaint within fourteen days to

correct the deficiencies identified in Counts III, IV, VII and VIII. Defendants' Motion is **DENIED** as to Count IX.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of January, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE